UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KSENIA RAYA JACOBS,<br>Plaintiff,<br>v.<br>USCIS, *et al.*,<br>Defendants. | Case No. 2:26-cv-0752-DC-JDP (PS)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff Ksenia Raya Jacobs, proceeding pro se, brings this action against the United States Citizenship and Immigration Services ("USCIS"); Joseph Edlow, in his official capacity as Director of Citizenship and Immigration Services; Kristi Noem, in her official capacity as Secretary of Homeland Security; Pam Bondi, in her official capacity as Attorney General; and Eric Grant, in his official capacity as U.S. Attorney.[1] Plaintiff alleges that defendants have unreasonably delayed her application for permanent residency status. Now, defendants move to dismiss, and plaintiff moves to amend. For the reasons stated below, I recommend that defendants' motion be granted, plaintiff's motion be denied, and the complaint be dismissed without leave to amend.

[1] Noem and Bondi are no longer in those roles. The appropriate defendants are now Markwayne Mullin and Todd Blanche. I will direct the Clerk of Court to substitute their names on the docket.

**Background**

In November 2022, plaintiff received humanitarian parole and entered the United States. ECF No. 1 at 2. In August 2024, she was granted asylum. *Id*. On December 4, 2024, plaintiff filed an I-485 application to register permanent residence or adjust status. *Id*. USCIS issued a request for initial evidence in February 2025, and plaintiff responded by May 2025. *Id*. at 3. Since then, plaintiff alleges that USCIS "has taken no further adjudicative action, issued no additional requests for evidence, scheduled no interview, and rendered no decision on Plaintiff's Form I-485." *Id*.

**Procedural History**

Plaintiff initiated this action in March 2026, bringing a single claim under the Administrative Procedure Act ("APA") for an unreasonable delay in adjudicating her application. ECF No. 1. In June 2026, defendants filed a motion to dismiss. ECF No. 9. Plaintiff has filed an opposition, ECF No. 13, and defendants have filed a reply, ECF No. 15.

In July 2026, plaintiff filed a motion for leave to amend. ECF No. 16. Plaintiff does not seek leave to bring an additional claim. Rather, she only "seeks leave to elaborate on the allegations . . . that the unreasonable delay has caused Plaintiff significant hardship and uncertainty." *Id*. at 2. Defendants have filed an opposition, ECF No. 18, and plaintiff has filed a reply, ECF No. 19.

**Legal Standard**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 664. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a liberal interpretation of a complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Analysis**

Defendants advance two arguments for dismissing the complaint. First, they argue that the court lacks jurisdiction. ECF No. 9 at 4. I disagree. The APA applies to agency actions "except to the extent that statutes preclude judicial review." 5 U.S.C. § 701(a)(1). The Immigration and Nationality Act provides that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal

> proceedings, no court shall have jurisdiction to review--
>
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B).

Principally, defendants assert that section 1252(a)(2)(B)(ii) bars judicial review over this action. ECF No. 9 at 4-5. However, "[w]hile § 1252(a)(2)(B)(ii) undoubtedly bars judicial review of individual parole decisions, courts have declined to apply it to claims challenging the legality of policies and processes governing discretionary decisions under the INA." *Aracely, R. v. Nielsen*, 319 F. Supp. 3d 110, 135 (D.D.C. 2018). Other courts in this circuit have come to the same conclusion. *See Komma v. Edlow*, No. 2:25-cv-3702-DJC-AC, 2026 WL 1113887, at *3 (E.D. Cal. Apr. 24, 2026) (holding that section 1252(a)(2)(B)(ii) does not strip the court of jurisdiction over challenges to the government's duty to process visa applications); *Behdin v. Edlow*, No. 26-cv-0566-SVK, 2026 WL 1031079, at *6-11 (N.D. Cal. Apr. 16, 2026) (concluding that the court has jurisdiction over the plaintiffs' claims challenging USCIS policies).

Here, plaintiff challenges the delay in adjudicating her application; to be sure, she does not seek review of an individual decision that has already been rendered. *See* ECF No. 1 at 4. In line with the other courts to have addressed this issue, I find that section 1252(a)(2)(B)(ii) does not bar review of plaintiff's APA claim because it does not seek judicial review of an individual decision.

Second, defendants argue that plaintiff fails to state an APA claim for unreasonable delay. ECF No. 9 at 5-12. In determining whether an agency action has been unreasonably delayed, courts consider the six "TRAC" factors:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere

> of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*In re Nat. Res. Def. Council, Inc.*, 956 F.3d 1134, 1138-39 (9th Cir. 2020) (quoting *Telecomms. Research and Action Ctr. (TRAC) v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984)).

Although not determinative, the first factor, "rule of reason," is the most important. *In re A Cmty. Voice*, 878 F.3d 779, 786 (9th Cir. 2017). Courts consider the length of the delay and the cause of the delay in assessing "whether there is any rhyme or reason for the Government's delay—in other words, whether the agency's response time . . . is governed by an identifiable rationale." *Poursohi v. Blinken*, No. 21-cv-1960, 2021 WL 5331446, at *4 (N.D. Cal. Nov. 16, 2021) (cleaned up). Where Congress has not supplied a period for agency action, courts look to case law in assessing whether the agency's action is unreasonably delayed. *See Sarlak v. Pompeo*, No. 20-cv-0035-BAH, 2020 WL 3082018, at *6 (D.D.C. June 10, 2020) ("Absent a congressionally supplied yardstick, courts typically turn to case law as a guide.").

Plaintiff submitted her application on December 4, 2024. ECF No. 1 at 2. Thus, her application has been pending for less than two years. Existing case law supports the view that, however burdensome a delay of less than two years in this context may be, such a delay does not violate the APA. *See Skalka v. Kelly*, 246 F. Supp. 3d 147, 154 (D.D.C. 2017) (citing case law suggesting that even a five- to ten-year delay in the immigration context may be reasonable); *Beyene v. Napolitano*, No. 12-cv-1149-WHA, 2012 WL 2911838, at *9 (N.D. Cal. July 13, 2012) (holding that while the "case presents a close call," a delay of nearly five years in adjudicating the plaintiff's application for adjustment of immigration status was not unreasonable); *Jamal v. Johnson*, No 2:15-cv-8088-ODW, 2016 WL 4374773, at *6 (C.D. Cal. Aug. 15, 2016) (noting that delays of four years not unreasonable, but holding that delay of over seven years to adjudicate the plaintiff's application for adjustment of status, combined with the defendants' unwillingness to indicate if or when the plaintiff's petition will be adjudicated, was unreasonable); *Ou v. Johnson*, No. 15-cv-03936-BLF, 2016 WL 7238850, at *3 (N.D. Cal. Feb.

16, 2016) (noting that "courts in this district have generally found delays of four years or less not to be unreasonable under the APA"); *Zhang v. Cissna*, No. 18-cv-9696-MWF, 2019 WL 3241187, at *5 (C.D. Cal. Apr. 25, 2019) ("[T]he Court cannot conclude, as a matter of law, that [a four-year] delay in processing [the plaintiff's] application was unreasonable."). The first factor thus weighs in defendants' favor.

For the second TRAC factor, the court considers whether "Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute." *In re Nat. Res. Def. Council, Inc.*, 956 F.3d at 1138. 8 U.S.C. § 1571(b) provides that "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." However, "[b]ecause the Ninth Circuit has held that similar 'sense of Congress' language is 'non-binding, legislative dicta,' *Yang v. Cal. Dep't of Soc. Servs.*, 183 F.3d 953, 961-62 (9th Cir. 1999), multiple courts have refused to weigh the second *TRAC* factor in favor of visa applicants based on § 1571(b)." *Infracost Inc. v. Blinken*, 732 F. Supp. 3d 1240, 1256 (S.D. Cal. 2024). To be sure, Congress has not provided a binding timetable for processing permanent residency applications. Rather, "Congress has given the State Department and other agencies wide discretion in the area of immigration processing." *Milligan v. Pompeo*, 502 F. Supp. 3d 302, 318 (D.D.C. 2020) (cleaned up). Because there is no statutorily mandated timeline for USCIS to process plaintiff's application, this factor is neutral. *See Poursohi*, 2021 WL 5331446, at *9 ("[T]he absence of a mandatory timetable for adjudication of [the plaintiffs'] Application combined with the fact that the delay comports with the rule of reason, the second TRAC factor also weighs in [the defendant's] favor or is at least neutral.").

"The third and fifth factors overlap, requiring the court to consider whether human health and welfare are at stake, and the nature and extent of the interests prejudiced by the delay." *Poursohi*, 2021 WL 5331446, at *9. In the complaint, plaintiff alleges that "[t]he prolonged delay has caused significant hardship and uncertainty for [her]." ECF No. 1 at 3. As noted, plaintiff moves to amend her complaint for the purpose of elaborating on this allegation. ECF No. 16 at 2. The proposed allegations include that: plaintiff has been prescribed anti-anxiety medication;

plaintiff has developed “severe insomnia, impaired concentration, and reduced functional capacity”; plaintiff “developed a severe flare of her chronic irritable bowel syndrome (IBS), requiring an urgent medical evaluation”; the abdominal pain from plaintiff’s IBS “results in additional sleep disruption, exhaustion, and worsening physical and psychological symptoms”; as a result of these conditions, plaintiff is “unable to effectively prepare for the USMLE Step 2 examination, which delays Plaintiff’s progression toward applying for a U.S. medical residency training program”; because plaintiff lacks permanent residency status, “she must rely on a temporary Employment Authorization Document (EAD),” but many teaching hospitals require an “EAD that spans the entire multi-year duration of training”; and due to recent changes in USCIS policy, plaintiff alleges that there is “an unavoidable risk of recurring gaps in valid employment authorization documentation” without her obtaining permanent residency status. ECF No. 16 at 15-17.

While the court sympathizes with plaintiff’s situation, the proposed allegations, as a matter of law, do not establish that human health or welfare are at stake. In an analogous case, the plaintiff alleged health concerns, including a cancer diagnosis, and that the delay in adjudication caused his family “significant” hardship because it put a “hold on their ability to resettle and build their lives in the United States” especially as it related to a “plan for their 12-year-old daughter[’s] future.” *Yilmaz v. Jaddou*, 697 F. Supp. 3d 951, 960 (C.D. Cal. 2023). Nonetheless, the court found that the third and fifth TRAC factors favored the defendants. *Id.* The court provided two principal reasons. First, the court held that other courts had found “similar prejudice” to be insufficient. *Id.* (collecting cases). Second, the court held that there was no prejudice to the plaintiff because he “is allowed to live and work in the United States without fear of removal while he waits for the decision.” *Id.*

I find this reasoning persuasive. Courts have found human health and welfare to be at stake where an applicant lives abroad in dangerous conditions. *See, e.g.*, *Afghan & Iraqi Allies v. Blinken*, 643 F. Supp. 3d 148, 156 (D.D.C. 2022), *aff’d sub nom.*, *Afghan & Iraqi Allies v. Blinken*, 103 F.4th 807 (D.C. Cir. 2024) (finding that the third and fifth factors weigh in favor of the plaintiffs where they await adjudication of their visa applications in Afghanistan with

"increasingly desperate and dangerous" conditions). Without discounting plaintiff's allegations, they fall short of establishing risk to human health and welfare; indeed, other courts have found similar allegations to be insufficient. *See Yilmaz*, 697 F. Supp. 3d at 960 (collecting cases). Moreover, while plaintiff's application remains pending, she is allowed to live and work in the United States without fear of removal. That plaintiff may experience gaps in valid employment authorization does not establish prejudice. *See* ECF No. 16 at 17. Thus, this factor cuts in favor of defendants.[2]

Under the fourth TRAC factor, the court considers the effect of expediting the adjudication of the beneficiary's application on other agency action of higher or competing priority. *Kapoor v. Blinken*, No. 21-cv-1961-BLF, 2022 WL 181217, at *8 (N.D. Cal. Jan. 20, 2022). This factor favors defendants; plaintiff is not alone in her circumstances, and ordering defendants to prioritize plaintiff's application only further delays the resolution of other applications. *See Jain v. Renaud*, No. 21-CV-03115-VKD, 2021 WL 2458356, at *6 (N.D. Cal. June 16, 2021) ("Most courts have found that the fourth TRAC factor weighs heavily in the agency's favor when a judicial order putting plaintiffs at the head of the line would simply move all others back one space and produce no net gain.").

Under the sixth TRAC factor, where a plaintiff has not made cognizable allegations of impropriety, "courts in the Ninth Circuit have found this factor to either weigh in the government's favor or to be neutral." *Poursohi*, 2021 WL 5331446, at *11. Plaintiff does not allege that defendants have acted in bad faith. *See generally* ECF No. 1. As such, this factor is neutral.

After considering the TRAC factors, the court finds that plaintiff's unreasonable delay claim must fail. Even if plaintiff's proposed allegations were sufficient to satisfy factors three and five, the alleged delay cannot as a matter of law be considered unreasonable at this time. Accordingly, this claim must be dismissed.

---

[2] Even if the court found that this factor favors plaintiff, it would be outweighed by the other factors such that plaintiff's APA claim would still fail.

The complaint should be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Further, as plaintiff's proposed amendment only adds factual allegations concerning the effects of the delay—which have been considered above—plaintiff's motion for leave to amend should be denied.

**Conclusion**

Accordingly, it is hereby ORDERED that the Clerk of Court shall substitute Markwayne Mullin and Todd Blanche as defendants. Kristi Noem and Pam Bondi shall be terminated as parties to this action.

Further, it is hereby RECOMMENDED that:

1. Defendants' motion to dismiss, ECF No. 9, be GRANTED without leave to amend.
2. Plaintiff's motion for leave to amend, ECF No. 16, be DENIED.
3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 21, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE